UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


MICHAEL A. HOFFMAN,            :     **CIVIL NO.3:11-CV-1227**
                              :
            Plaintiff          :     (Judge Nealon)
                              :
      v.                       :     (Magistrate Judge Smyser)
                              :
MICHAEL J. ASTRUE,             :
Commissioner of                :
Social Security,               :
                              :
            Defendant          :


## REPORT AND RECOMMENDATION


        The plaintiff has brought this civil action under the

authority of 42 U.S.C. § 405(g) to obtain judicial review of

the decision of the Commissioner of Social Security denying the

claim of the plaintiff for Social Security disability insurance

benefits.


        On November 6, 2008, the plaintiff, Michael A. Hoffman,

applied for disability insurance benefits.  He claimed that he

became disabled on October 31, 2008, as the result of

musculoskeletal impairments.

The claim was denied initially and on reconsideration. Hoffman filed a request for a hearing, and a hearing was held before an administrative law judge (ALJ) on February 9, 2010. (Tr. 37-62).

On June 22, 2011, the ALJ issued his decision denying Hoffman's application for benefits. (Tr. 10-17). The Appeals Council denied Hoffman's request for review (Tr. 1-6), making the ALJ's decision the final decision of the Commissioner.

Hoffman filed his complaint with this court on June 29, 2011. The Commissioner filed an answer to the complaint and a copy of the administrative record on September 6, 2011. Pursuant to Local Rules 83.40.4 and 83.40.5 Hoffman filed his brief on October 17, 2011 and the Commissioner filed his brief on November 15, 2011. No reply brief has been filed.

**The Hearing**.

At the hearing Hoffman and a vocational witness testified. Hoffman stated that he had worked for many years on an Adams County fruit farm owned by his father. Hoffman had

2

rented the farm for his father since 1982.  He and his father had also owned a fruit market, which was sold in April of 2009. The farm is being rented to Hoffman's son.

Hoffman stated that he is ineligible for surgery for his back condition because he has osteoporosis in all of the bones.  He received two epidural pain injections in 2008 and three epidural pain injections in 2009.  He has problems at all levels of his back.  He has difficulty walking, and he uses a walking stick.  His left leg and left foot can become numb, and that has caused him to trip.  He has osteoporosis in his spine, in both legs, and in his hips, and a pain pump is being considered for him by his doctor(s).  He presently takes morphine two times a day and vicodin three times a day.  These medications cause him to have short term memory loss.

Vocational witness Paul Anderson's testimony yielded very little evidence, given the poor phrasing of the questions and the uncertainty of the witness in responding to the questions.  The ALJ expressed that he did not feel that he was getting the answers from the vocational witness that he

3

expected.  The witness stated that Hoffman's past work as a fruit farmer was heavy work.  He stated that if the residual functional capacity report of Vrajlal Popat, M.D. at Tr. 406-412 is deemed correct, Hoffman can perform the full range of light work.  If his standing capacity is two hours instead of six hours as in the Popat report, then Hoffman can not perform light work with the exception of a sitting job.

The vocational witness noted that an ability to lift up to 20 pounds is an element of light work as defined by the Commissioner.  The vocational witness stated that jobs having lifting requirements of up to 20 pounds that can be performed from primarily a sitting position are very rare.[1]  No fruit farming skills are transferable to sedentary jobs or to light jobs.

The ALJ sought to have the vocational witness identify jobs involving "bench assembly that's classified as light".

---

1.  The significance of this is that if as Hoffman's treating physician states he can stand for only an hour a day, he does not have the residual functional capacity for a full range of light work.  20 C.F.R. § 404.1567(b).

(Tr. 46).  The witness could not readily identify bench assembly jobs having the 20 pound lifting limit of light jobs. Most bench work has a lower lifting requirement.

The ALJ decided to have the witness send job identifications to the ALJ after the hearing.  Counsel for Hoffman objected because she would have no opportunity for cross-examination.  But the ALJ expressed his view that cross-examination of a vocational witness who has identified jobs that an ALJ is seeking to have identified is not favored by the ALJ because "when lawyers cross-examine a VE about the idiosyncrasies of the jobs, it's like desperation, okay?"  (Tr. 48).  Then the ALJ berated the VE, saying, "And then I got other VEs that I could easily get answers from . . . ." *Id.*

Finally, the ALJ communicated to Hoffman's attorney as follows: "I'll tell you what.  Let me do this here.  Let's see if I can come up with something and just ask [the vocational witness] if he agrees that they exist.  And then he could just submit the numbers and then you could cross-examine about the jobs."  (Tr. 49).  And that is what the ALJ then did.  So the

ALJ became in essence the witness who supplied the other jobs evidence by reading in to the record (from an unidentified source[2] of job descriptions) job descriptions he then used in his Decision.  (Tr. 49-53; 16).[3]

**The Medical Evidence**.

There are very extensive medical records.  (Tr. 218-693).  The records reflect constant reports by Hoffman of lumbar pain and of symptoms that have led to extensive neurological testing.  The only neurological impairment discovered has been radiculopathy.  Disc degeneration is reported throughout the medical records.  Basal cell carcinomas on the shoulders are reported.  In more recent reports, osteoporosis is noted.  Lumbar spine pain symptoms are persistently reported by Hoffman to his physicians.

---

2.  There is an indication that one source was a Google search.

3.  Later in that day, after Hoffman was no longer present, the vocational witness was asked to confirm additional testimony of the ALJ and to supply numbers of jobs in the economy for bottling line attendants and food product sorters.

The medical source (treating physician's) residual functional capacities statement (Tr. 688-692), states that Hoffman can if allowed to change positions at will sit for four hours of an eight hour work day, stand for one and walk for one.  But if not allowed to change positions at will, he can sit for only one hour and can not stand or walk for more than 15 minutes.  He can occasionally lift 10 pounds and can not frequently lift any weight.

**The Standard for Judicial Review**.

If the Commissioner's decision is supported by substantial evidence it must be affirmed. 42 U.S.C. § 405(g). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999)(quoting *Ventura v. Shalala*, 55 F.3d 900, 901 (3d Cir. 1995).  Substantial evidence is more than a mere scintilla of evidence but less than a preponderance. *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988).

A single piece of evidence is not substantial evidence if the Commissioner ignores countervailing evidence or fails to resolve a conflict created by the evidence. *Mason v. Shalala*, 994 F.2d 1058, 1064 (3d Cir. 1993). However, in an adequately developed factual record, substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent [the decision] from being supported by substantial evidence." *Consolo v. Federal Maritime Comm'n*, 383 U.S. 607, 620 (1966).

To facilitate review of the Commissioner's decision under the substantial evidence standard, the Commissioner's decision must be accompanied by "a clear and satisfactory explication of the basis on which it rests." *Cotter v. Harris*, 642 F.2d 700, 704 (3d Cir. 1981). Conflicts in the evidence must be resolved and the Commissioner must indicate which evidence was accepted, which evidence was rejected, and the reasons for rejecting certain evidence. *Id*. at 706-707. In determining if the Commissioner's decision is supported by

8

substantial evidence the court must scrutinize the record as a whole.  *Smith v. Califano*, 637 F.2d 968, 970 (3d Cir. 1981).

The Commissioner has promulgated regulations creating a five-step process to determine if a claimant is disabled.  The Commissioner must sequentially determine: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals a listed impairment; (4) whether the claimant's impairment prevents the claimant from doing past relevant work; and, (5) whether the claimant's impairment prevents the claimant from doing any other work. *See* 20 C.F.R. § 404.1520 and 20 C.F.R. § 416.920.

The disability determination involves shifting burdens of proof.  The initial burden rests with the claimant to demonstrate that he is unable to engage in his past relevant work.  If the claimant satisfies this burden, then the Commissioner must show that jobs exist in the national economy that a person with the claimant's abilities, age, education,

and work experience can perform.  *Mason v. Shalala*, 994 F.2d
1058, 1064 (3d Cir. 1993).

In this case the ALJ determined that Hoffman has not
engaged in substantial gainful activity since the alleged onset
date, that he has osteoarthritis, degenerative disc disease and
low back pain that significantly limit his ability to perform
basis work activity and that his impairments are severe but
that his impairments do not meet or equal any listed
impairments.  The ALJ found that Hoffman is not able to perform
his past relevant work.  The ALJ found that Hoffman has the
residual functional capacity[4] to perform a limited range of
light work and that there are certain jobs (the "bench jobs"
that can be performed from a seated position and that involve
lifting up to 20 pounds) in the economy that he can perform.

---

4.  "Residual Functional Capacity" is "that which an individual is
still able to do despite the limitations caused by his or her
impairment(s)."  *Burnett v. Commissioner of Social Security Adm.,*
220 F.3d 112, 121 (3d Cir. 2000) (quoting *Hartranft v. Apfel*, 181
F.3d 358, 359 n.1 (3d Cir. 1999)).

On the basis of these findings, the ALJ found Hoffman not to be disabled.

**Discussion**.

Hoffman argues, first, that the ALJ erred in not finding that his severe spinal impairments are equal in severity to the criteria that the Commissioner has determined to constitute a disabling impairment without consideration of vocational factors. He contends that his condition is substantially that described in, or is equal to, the Section 1.04 definition:

> **1.04 Disorders of the spine** (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:
>
> A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine);

20 C.F.R., Part 404, Subpart P., Appendix 1, Section 104.

11

Hoffman's brief points to medical reports indicating diagnoses of nerve root compression and radiculopathy that the ALJ did not address. He refers to Tr. 353, 321.

Hoffman argues in part that the ALJ's statement that "no treating or examining medical source has stated the claimant has an impairment or combination of impairments that meets or equals the criteria of any listed impairment" (Tr. 13) is not consistent with the ALJ's finding that Hoffman has severe impairments. (Tr. 12). A "severe impairment" is more than a slight abnormality. It is an impairment that is of adequate severity to warrant proceeding under the Commissioner's five-step evaluation past an initial stage where an applicant's claim is properly rejected because there is no impairment of adequate severity to justify further evaluation. *See Newell v. Commissioner of Social Security*, 347 F.3d 541, 546 (3d Cir. 2003). A listed impairment on the other hand, is one that, if the applicant has it, of itself warrants a disability finding at step three and precludes the more nuanced medical-vocational evaluation under steps four and five. So this argument on Hoffman's part does not have merit. It is not

at all uncommon for persons to be found to have severe

impairments but not a listed impairment or an impairment

substantially equal to a listed impairment.

Hoffman argues that the ALJ should have concluded that

his impairments do meet or equal the Section 1.04(a) Listing.

Hoffman does have at least some of the principal

medical findings mentioned under Listing 1.04.  The ALJ did not

set forth a separate and focused Step Three analysis.  The Step

Three analysis in a case such as this where there is an

apparent basis in the medical evidence to support a finding of

the presence of the essential elements of a Listing definition

must, to be rational and complete, and to satisfy *Cotter*, state

findings as to each of the elements of the appropriate

Listing(s) and an explanation for why the claimant is found or

not found to meet or equate to that element.

The Commissioner's regulations call for a Step Three

analysis.  We do not find the ALJ's approach here of combining

the Step Three analysis with the Step Four analysis to be

adequate, since this approach does not clearly reveal to the parties or to the reviewing court the particular grounds for the ALJ's Step Three determination.

The usefulness of the Commissioner's Listings are diminished or negated if the Commissioner's adjudicatory process does not use, and through adjudications refine and explain the interpretation and application of the Listings, in a manner that will serve the intent of those Listings to foster materially the same outcomes in materially similar cases. But the immediate concern is that there is not an explanation adequate for purposes of the adjudication in this case of why Hoffman's osteoarthritis, degenerative disc disease and osteoporosis, when there is evidence of nerve root compression and radiculopathy, does not constitute or equate to a listed disorder of the spine.

Hoffman's brief asserts that his attorney would have developed the Listing criteria evidence more at the ALJ hearing and that the ALJ prevented that by permitting counsel to ask only two questions of Hoffman. But this assertion is not borne

out by the transcript.  *See* Tr. 41-43, ending with, "Okay, alright, that's all I have, you honor."

Although the attorney was not apparently limited in questioning Hoffman to develop a Listings equivalency basis for the claim, nevertheless in a case such as this where a categorical (Listings) analysis of the claim is plainly necessary, the ALJ did not perform such an analysis.  This court does not have a clear basis to decide that the ALJ's finding of no 1.04 Listing equivalency is supported by substantial evidence.  However, for the reasons that follow, it is plain that the decision is not supported by substantial evidence.

Hoffman argues that the ALJ made plainly incorrect findings of fact as to several factual matters that plainly influenced the outcome of the adjudication.

The ALJ did make certain findings that are not consistent with the evidence, all of which affected the ALJ's view of the severity of Hoffman's impairments and the ALJ's

15

view of the gravity of Hoffman's subjectively experienced symptoms.  He found that Hoffman did not seek surgical help and did not use a TENS unit.  (Tr. 15).  Surgery for Hoffman was not advised because of osteoporosis.  (Tr. 602, 651).  He does use a TENS unit.  (Tr. 257).

The ALJ found Hoffman not to have a consistent work history record based upon work and earnings records.  (Tr. 15). Hoffman was a self-employed farmer and farm stand operator who worked extremely long hours.  (Tr. 207, 165-167).  No contrary evidence or basis for the finding of an inconsistent work record is cited by the ALJ.  We can not see a basis for the ALJ's findings.  The Commissioner's brief does not point us to a basis.  This finding of an inconsistent work record appears to us in this case to be indicative of an extremely superficial and careless consideration of the evidence by the ALJ.

The ALJ found that a person who is unable to perform substantial gainful activity can not indulge in Hoffman's "hobbies", i.e., enjoy the outdoors, watch television, spend time with others, or go to church weekly.  (Tr. 15).  In our

view, this finding is self-evidently not consistent with the well-established judicial recognition that a person does not need to be disabled as to all activities of daily living to be disabled for social security disability purposes.  The ALJ's determination that a person who can do these things is able to do a job appears to be based wholly upon a subjective idea of the ALJ and appears to constitute a departure from the application of the extensive detailed guidelines and structure for a disability adjudication set forth in the regulations in Title 20 of the Code of Federal Regulations.  A merely theoretical ability to engage in substantial gainful activity is not sufficient to support a decision that a claimant is not disabled.  *Hodgson v. Celebrezze,* 312 F.2d 260 (3d Cir. 1963).

The ALJ also notes that Hoffman went hunting in November 2009.  (Tr. 647).  Going hunting is much more indicative of an ability to be involved in substantial gainful activity than the other "hobbies" mentioned.  The particulars of going hunting were not developed by questioning Hoffman about it.  Without further explanation and additional facts,

17

the ALJ had nothing substantial in the fact of a single mention of a hunting experience to support the decision reached.

The ALJ made residual functional capacity findings that are challenged by Hoffman.  One is the finding that Hoffman can stand and walk for two hours out of an eight hour day.  Non-treating State agency physicians said that he can stand or walk for six hours in an eight hour day.  (Tr. 407).  But the physician who treated Hoffman from 1984 through 2009 (Tr. 688) stated that, assuming a job where he can freely alternate between sitting and standing, he can lift no more than ten pounds occasionally and can sit no more than four hours, stand no more than one hour and walk no more than one hour in an eight hour work day.  (Tr. 689).  If he can not freely alternate sitting and standing, his limits are far less.  *Id.* An opinion of a one-time consulting physician not addressing significant components of a disability claim is not substantial evidence of no disability when presented against the clear opinion of a treating physician.  *Rossi v. Califano,* 602 F.2d 55, 58 (3d Cir. 1979); *Kane v. Heckler,* 776 F.2d 1130 (3d Cir. 1985).  Here, the ALJ did not accept wholesale the one-time

18

consultant's report, but the hearing record makes it clear that
the ALJ was stretching the evidence to make a finding of
residual functional capacity for light work, even an extremely
limited range of light work, when it was evident that Hoffman's
residual functional capacity is limited to sedentary work.
(Tr. 44-62).  As Hoffman argues in his brief, we think
correctly, when the ALJ lacks a basis in evidence to make a
finding that differs from the outcome that would be reached if
the Commissioner's medical-vocational tables were used, the
outcome mandated under the tables must reasonable be seen to
control the outcome.  Plainly the ALJ here did not want to
reach the conclusion that would be reached under the applicable
medical-vocational table, if Hoffman were found to be limited
to sedentary work, given that he is closely approaching
advanced age, has unskilled work experience and has a high
school education.  Table No. 1, Rule 201.12.  Here, in our view
of it, the ALJ decided for some reason not to rely upon the
tables, but did not have an adequate evidentiary basis
presented at the hearing to find that, notwithstanding the
tables, Hoffman can perform substantial gainful activity.

**Conclusion and Recommendation**.

The decision here is not supported by substantial evidence.  The appeal of the plaintiff is meritorious.  The Commissioner should be ordered to calculate and pay benefits.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated:  December 16, 2011.