Case 3:11-cv-01227-WJN Document 10 Filed 01/20/12 Page 1 of 3

FILED
SCRANTON

JAN 2 0 2012

PER _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL A. HOFFMAN, | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:CV-11-1227 |
| | : | |
| v. | : | |
| | : | (Judge Nealon) |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security, | : | (Magistrate Judge Smyser) |
| Defendant | : | |

## MEMORANDUM

On June 29, 2011, Plaintiff, Michael Hoffman, filed a complaint seeking review of the Commissioner of Social Security Administration's ("Commissioner") dismissal of his application for Social Security disability insurance benefits. (Doc. 1). A Report was issued by United States Magistrate Judge J. Andrew Smyser on December 16, 2011 recommending that the be case remanded to the Commissioner to calculate and pay benefits to Plaintiff. (Doc. 9). Objections to the Report and Recommendation ("R&R") were due on or before January 2, 2012. No objections have been filed and the R&R will be adopted.

When neither party objects to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report, under de novo or any other standard. Thomas v. Arn, 474 U.S. 140, 152 (1985); 28 U.S.C. § 636(b)(1)(C). Nevertheless, the Third Circuit has held that it is better practice to afford some level of review to dispositive legal issues raised by the report. Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987), writ denied 484 U.S. 837 (1987); Garcia v. I.N.S., 733 F. Supp. 1554, 1555 (M.D. Pa. 1990) (Kosik, J.) (stating "the district court need only review the record for plain error or manifest injustice"). In the absence of objections, review may properly be limited to ascertaining whether there is clear error that not only affects the rights of Plaintiff, but also seriously affects the integrity, fairness, or

public reputation of judicial proceedings. Cruz v. Chater, 990 F. Supp. 375, 377 (M.D. Pa. 1998) (Vanaskie, J.).

Upon review of the present appeal, the Magistrate Judge has not erred in recommending that the case be remanded to the Commissioner to award benefits. (Doc. 9). The Magistrate Judge discussed Plaintiff's arguments, namely, that the ALJ erred in finding that his severe spinal impairments do not meet or equal the listing requirements, and that the ALJ erred in finding that he was not disabled pursuant to the Medical-Vocational Rules. (Doc. 9, pgs. 11-19).

In his appeal brief, Plaintiff argues that his impairments meet the requirements of Section 1.04, 20 C.F.R. Part 404, Subpart P, Appendix 1. (Doc. 7, pgs. 3-8). He states that the ALJ erred in finding that his osteoarthritis, degenerative disc disease and low back pain do not meet or equal the listing requirements. (Doc. 7, pgs. 3-8). Plaintiff further argues that the ALJ erred by failing to consider all of his impairments. (Doc. 7, pg. 5; Doc. 9, pg. 12). The Magistrate Judge stated that the ALJ erred in his Step Three analysis and that a proper Step Three analysis should state the findings as to each of the elements of the Listing and should explain why the claimant does or does not meet or equal that element. (Doc. 9, pgs. 13-14). The Magistrate Judge stated that the ALJ did not adequately explain why Plaintiff's osteoarthritis, degenerative disc disease and osteoporosis, when there is evidence of nerve root compression and radiculopathy, do not meet or equal a listed impairment. (Doc. 9, pgs. 14-15).

The Plaintiff also argues that the ALJ erred in finding that he was capable of performing light duty work and that, pursuant to Grid Rule 201.14, he should be found disabled. (Doc. 7, pgs. 8-14). The Magistrate Judge agreed and stated that the ALJ erred in his analysis pursuant to the Medical-Vocational Rules and erred by finding that Plaintiff could perform substantial

gainful activity. (Doc. 9, pgs. 18-20).

The Magistrate Judge ultimately determined that the ALJ's decision is not supported by substantial evidence, Plaintiff's appeal is meritorious, and the matter should be remanded to the Commissioner to calculate and pay benefits. Having received no objections, the Report and Recommendation will be adopted. A separate Order will issue.

**Date:** January 20, 2012

_____
**United States District Judge**